942 A.2d 781

IN THE MATTER OF KEVIN JOHN FLYNN, AN ATTORNEY AT LAW (ATTORNEY NO. 039291987).

March 6, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–241, concluding that as matter of reciprocal discipline pursuant to *Rule* 1:20–14, **KEVIN JOHN FLYNN,** formerly of **NEW YORK, NEW YORK,** who was admitted to the bar of this State in 1987, should be suspended from the practice of law for a period of one year, retroactive to March 8, 2007, based on discipline imposed in the State of New York effective March 8, 2007, for conduct that violates *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.2(a)(settling case without client's authority), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about status of the matter), *RPC* 1.4(c)(failure to explain matter to extent reasonably necessary to make informed decisions), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the court having determined from its review of the matter that a one-year prospective suspension is the appropriate discipline;

And good cause appearing;

It is ORDERED that **KEVIN JOHN FLYNN** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.